UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YIHAO PU,<br>    also known as "Ben Pu" | No. 11 CR 699<br><br>The Honorable Charles R. Norgle, Sr. |

## MODIFIED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

WHEREAS the defendant has rights under the United States Constitution, federal statutes and the Federal Rules of Criminal Procedure to pre-trial discovery;

WHEREAS defendant's preparation of his defense will be facilitated by the most expeditious production of discovery materials;

WHEREAS the Government recognizes its obligation to provide such discovery materials to defendant in the most expeditious manner possible, consistent with the confidentiality interests of Citadel, LLC, Company A, and other entities in their trade secret and other sensitive information;

WHEREAS production of discovery materials, which in this case involves, among other items, paper, electronic, and graphic materials of a sensitive nature, would be substantially delayed if the Government were compelled to seek a protective order modifying, withholding or delaying production of each particular item of discovery material,

as the Government would be required to do absent a generally applicable protective order restricting further dissemination of discovery materials by the defense;

IT IS HEREBY ORDERED that:

1. The Government will make available for inspection and review, all discovery materials that contain items of a sensitive nature, including items deemed to be proprietary and trade secret by Citadel, LLC, Company A, or any other company including: (a) algorithms, (b) data and information derived from or constituting parts of algorithms, (c) computer source code, (d) information regarding historical trades made by Citadel or Company A, and (e) profit and loss information relating to Citadel or Company A (hereinafter referred to as "Sensitive Discovery Material"). To the extent that Sensitive Discovery Material and non-sensitive discovery material are commingled on the same electronic storage device, (*i.e.* a hard drive), and the Government is unable to separate the two, then the entire storage device will be made available for inspection and review.

2. The Government will provide copies to defense counsel of non-sensitive discovery material that can be separated out from Sensitive Discovery Material, and non-sensitive discovery material that is not commingled with Sensitive Discovery Material.

3. The inspection and review of Sensitive Discovery Material will take place at a location of the Government's choosing, ("review location"). Defense counsel will make arrangements with the Government to review and inspect the material at the review location.

4. The Sensitive Discovery Materials may not be reviewed by any individuals, organizations or other entities, other than: (i) named members of the defense team (co-counsel, paralegal, and secretarial staff), with such named members being identified to the Government prior to their review of the materials; and (ii) translators and experts retained to assist in the preparation of the defense, who have been approved by a member of the Government, which approval shall not unreasonably be withheld. Defendant Yihao Pu is also permitted to review the Sensitive Discovery Materials at the review location. Neither identified members of the defense team nor defendant Yihao Pu, may at any time, take or possess any Sensitive Discovery Material or copies of Sensitive Discovery Material. Members of the defense team may take notes of the Sensitive Discovery Material during their review at the review location, and may store the notes only at the defense teams' office; however, defendant Yihao Pu may not take notes, nor may he possess copies of defense counsel's notes outside of the review location or the defense teams' office. All of the persons described in this paragraph shall not have access to the Sensitive Discovery Material until they have (a) been provided with a copy of this Order; and (b) certified that they have read, understand, and agree to the terms of this Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order, by signing a copy of the attached "Memorandum of Understanding of Modified Protective Order in United States v. Yihao Pu, No. 11 CR 666" (hereinafter "Memorandum").

5. If defense counsel wishes to show any Sensitive Discovery Material provided during discovery to a witness or potential witnesses, they shall first ask the Government to agree to permit the witness to review the Sensitive Discovery Material at the review location, as an exception to this Modified Protective Order. In the event that the Government declines to agree to the review of a document to a witness or potential witness, the defendant may seek relief from these provisions as to a particular item of discovery by making a motion for such relief to the Court upon notice to the Government, which notice shall identify the particular person(s) and item(s) at issue. The motion shall be made under seal. For good cause shown, such part of the application that identifies the person(s) to whom the materials are intended to be disseminated (and the reason) may be filed with the Court *ex parte* and under seal.

6. Any papers to be served upon the Court by either party which specifically set forth the contents of Sensitive Discovery Materials shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall either: (i) file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. That party shall not file the redacted set of papers if such party receives an application in opposition from the other party within those five business days and shall instead await a ruling of the Court, or (ii) await two full business

4

days from hand service upon the Court's Chambers and the other party (or five full business days following service by mail) before publicly filing (or otherwise disseminating) the papers, in order to allow the other party the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

7. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall either (i) be filed under seal with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel and that party shall not file the redacted set of papers if such party receives an application in opposition from the other party within those five business days and shall instead await a ruling of the Court, or (ii) shall not be publicly filed (or otherwise disseminated) until two business days have elapsed from hand service upon the Court's Chambers and the other party (or five full business days following service by mail), in order to allow the other party the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party

submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

8. All of the discovery materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case, including Sensitive Discovery Materials and non-sensitive materials, and any notes taken of any discovery material, are subject to this Modified Protective Order, and may be used by defendant and defendant's counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. In addition to the restrictions placed on the Sensitive Discovery Material, defendant and defendant's counsel shall not disclose the non-sensitive discovery materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the non-sensitive discovery materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

9. None of the discovery materials produced by the Government to the defense shall be disseminated to, or discussed with, the media. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

10. To the extent the government provides the defense with draft transcripts of translated electronic and paper materials, such draft transcripts shall not be used in any proceeding for any purpose, including cross examination of any witness.

11. Defendant and defendant's counsel shall not copy or reproduce any Sensitive Discovery Materials. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce any non-sensitive discovery materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

12. Defendant and defendant's counsel shall not disclose any notes or records of any kind that they make in relation to the contents of any of the Sensitive Discovery Materials. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of any of the non-sensitive discovery materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

13. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

14. To the extent that counsel for the defendant has already obtained and is lawfully authorized to keep copies of any Sensitive Discovery Material pursuant to a related civil case, *Citadel v. Yihao Ben Pu*, 11 CH 30493, defendant's counsel will hold such materials in conformity with the protective order entered in that case and will treat such copies as non-Sensitive Discovery Material, except that the defendant may not possess this material or any notes made by defendant's counsel from reviewing such copies of this material.

15. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 1, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

16. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery. Nothing in this Order shall preclude the defendants from moving to alter or dissolve the Modified Protective Order in its entirety, as to any category of documents, or as to any particular document;

17. This Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Modified Protective Order and be signed by all parties to be valid. If any party wishes to amend the Modified Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend the Modified Protective Order as it sees fit.

18. Upon conclusion of the trial and any appeals of this case or upon the earlier resolution of charges against the defendant, all such discovery materials and all copies made thereof shall be returned to the United States or destroyed, unless otherwise ordered by the Court. All copies withheld by the defense must be done through an express order of this Court and shall be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to the United States or destroyed. The Court shall require a certification as to the disposition of any such discovery materials.

ENTER:

_____
CHARLES R. NORGLE, ~~Sr.~~
United States District Court Judge
Northern District of Illinois

Date: 6-18-12

# MEMORANDUM OF UNDERSTANDING OF PROTECTIVE ORDER
# IN UNITED STATES v. YIHAO PU, No. 11 CR 699

1. I understand that I may be the recipient of documents or shown documents that contain information that the government has designated to be Sensitive Discovery Material.

2. I understand and agree that I shall never divulge, publish or reveal, by word, conduct or other means, such restricted documents, or the information contained therein, unless specifically authorized in writing to do so by an authorized representative of the United States government, or as otherwise ordered by the Court.

3. I understand and agree that "Sensitive Discovery Material" may not be released to or discussed with any person other than those individuals identified in the Modified Protective Order in this case that have completed and signed a Memorandum of Understanding of Modified Protective Order in United States v. Yihao Pu, No. 11 CR 699.

4. I understand and agree that this agreement will remain binding upon me after the conclusion of the proceedings in United States v. Yihao Pu, No. 11 CR 699, and any subsequent related proceedings.

5. I agree that I do not work as a consultant, employee, officer, owner, or agent of a competitor to Citadel, LLC, Company A, or one of their subsidiaries, or related entities.

6. I have received, read, understood and agree to the terms of the Modified Protective Order entered by the United States District Court for the Northern District of Illinois in the above case, and hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purposes of enforcement of the terms of the Modified Protective Order and the punishment of any violations thereof.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Executed this \_\_\_\_ day of _____ at _____.

_____ _____
Printed Name                                          Signature