# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Yihao Pu | ) | Case Number: 11 CR 699-1 |
| | ) | USM Number: 42336-424 |
| | ) | William W. Flachsbart and Carolyn Pelling Gurland |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  10 and 12 (superseding)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1832(a)(3) | Theft of Trade Secrets | 10/28/2011 | 10 (s) |
| 18 U. S. C. §1832 (a)(2) | Unlawful Copying of Trade Secrets | | 12(s) |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) _____   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/15/2015
Date of Imposition of Judgment

*/s/ Charles Norgle/*
Signature of Judge

CHARLES R. NORGLE         JUDGE
Name and Title of Judge

1/15/2015
Date

DEFENDANT: Yihao Pu
CASE NUMBER: 11 CR 699-1

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

thirty-six months on Count 10 and 12 (superseding), to run concurrently

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☑ before 2 p.m. on 5/1/2015.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Yihao Pu
CASE NUMBER: 11 CR 699-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

three (3) years concurrently on Counts 10 and 12 (superseding).

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Yihao Pu
CASE NUMBER: 11 CR 699-1

## SPECIAL CONDITIONS OF SUPERVISION

Random drug tests not to exceed 104 tests per year.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of select supervised release or probation. The defendant's monthly payment schedule shall be an amount that is at least ten percent of his net monthly income.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

If the defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U. S. Probation Office until gainfully employed.

DEFENDANT: Yihao Pu
CASE NUMBER: 11 CR 699-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 759,649.55 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Citadel LLC, Attn: Senior Deputy General Counsel<br>13 South Dearborn Street, Chicago, IL 60603 | $759,649.55 | $759,649.55 | |
| **TOTALS** | $ 759,649.55 | $ 759,649.55 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the ☐ fine ☑ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Yihao Pu
CASE NUMBER: 11 CR 699-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with  ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

  The fine as well as the costs of incarceration and supervision are waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  11 CR 699-2 Sahil Uppal $759,649.55.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

  *See attached preliminary order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 11 CR 699 |
| v. | ) |
| | ) Honorable Judge Charles Norgle |
| YIHAO PU, | ) |
|     also known as "Ben Pu" | ) |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to 18 U.S.C. § 2323 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On April 11, 2013, a superseding indictment was returned charging defendant YIHAO PU with unlawful possession of trade secrets, in violation of 18 U.S.C. § 1832(a)(3) (Counts 10, 11, 13, 15, 17, 19) and unlawful transfer of trade secrets, in violation of 18 U.S.C. § 1832(a)(2) (Counts 12, 14, 16, 18), among other violations;

(b) The superseding indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 2323;

(c) On August 7, 2014, pursuant to Fed. R. Crim. P. 11, defendant PU entered a voluntary plea of guilty to Counts Ten and Twelve of the superseding indictment, thereby certain property subject to forfeiture pursuant to the provisions of 18 U.S.C. § 2323;

(d) As a result of his violations of 18 U.S.C. § 1832, to which defendant PU pled guilty, the United States seeks forfeiture of all right, title, and interest in the following property as agreed:

1. Western Digital Hard Drive, Serial Number WX61E41FC897;

2. Seagate Hard Drive, Serial Number 9XW00KFP;

3. Hitachi Hard Drive, Serial Number MH3R4VAK;

4. Motorola Droid phone, Serial Number 268435458113866000; and

5. Lenovo X300 computer, Serial Number L3A7192.

(e) Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 2323(b)(2)(A), upon entry of this preliminary order of forfeiture, the government requests that the United States Marshal Service seize and take custody of the forgoing property for disposition according to the law;

(f) The United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant PU and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to 18 U.S.C. § 2323 and Fed R. Crim P. 32.2, all right, title, and interest defendant PU may have in the following property is hereby forfeited to the United States of America for disposition according to law:

       (a)    Western Digital Hard Drive, Serial Number WX61E41FC897;

       (b)    Seagate Hard Drive, Serial Number 9XW00KFP;

       (c).    Hitachi Hard Drive, Serial Number MH3R4VAK;

       (d)    Motorola Droid phone, Serial Number 268435458113866000; and

       (e)    Lenovo X300 computer, Serial Number L3A7192.

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 2323(b)(2)(A), upon entry of this preliminary order of forfeiture, the United States shall seize and take custody of the foregoing property for disposition as the Attorney General may direct.

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2323(b)(2)(A), upon entry of a preliminary order of forfeiture, the United States shall publish notice of the order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice.

4. That, pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 2323(b)(2)(A), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeit to the United States may, within thirty

days of the final publication of notice or this receipt of notice under paragraph (3), whichever is earlier, petition this court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the court alone, without a jury. It is further ordered,

5. That, following the court's disposition of all third party interests, the court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America.

6. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

DATED: JAN 15 2015

CHARLES R. NORGLE, SR.
United States District Judge

4