UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| YIHAO PU, | ) No. 11 CR 699-1 |
| Defendant, | ) Judge Norgle |
| and | ) |
| HANSONG PU, | ) |
| Third-Party Citation Respondent. | ) |

## UNITED STATES' RESPONSE TO PU'S MOTION TO QUASH

### Introduction

To enforce the restitution judgment this court entered against the defendant, Yihao Pu, the United States issued a citation to discover assets to his father Hansong Pu.[1] Hansong asks the court to quash the citation, arguing that the court lacks personal jurisdiction over him. However, the court has jurisdiction pursuant to the federal, long-arm execution statutes that allow the United States to enforce its judgment nationwide. Consequently, the United States properly issued a citation to Hansong, and he should provide the documents requested by the United States.

### Background

The court sentenced Yihao and his co-defendant Sahil Uppal to pay a restitution judgment of $759,649.55 jointly and severally to the victims of their trade-secret theft and

---

[1] To avoid confusion and meaning no disrespect, in this response Yihao Pu will be referred to as "Yihao" and Hansong Pu will be referred to as "Hansong."

obstruction of justice crimes. Under 18 U.S.C. § 3613, a lien rose upon all property and rights to property belonging to both defendants at the entry of judgment. The United States issued a citation to discover assets to Hansong, who the United States learned has been funding his sons criminal defense costs from unknown sources. At this point, the United States is simply requesting account statements for the accounts used to compensate Yihao's attorneys from the period of the criminal activity through the time of his appeal, but retains the right to further enforce its rights if warranted.

## Argument

Hansong contends that this court does not have the personal jurisdiction to enforce the citation to discover assets and that doing so violates his due process rights. Hansong lives in Massachusetts and has limited ties to Illinois. However, the court has jurisdiction to enforce the citation based on the United States' two long-arm execution statutes that comply with the due process clause.

### I. Long-Arm Execution

The United States may execute nationwide on judgments through two long-arm statutes, 28 U.S.C. §§ 2413 and 3004(b)(1). Section 2413 states that a writ of execution "shall be issued from and made returnable to" the court which entered the judgment, but "may be executed in any other State . . . ." 28 U.S.C. § 2413. Therefore, this court may issue the post-judgment process, but it can be carried out anywhere in the country. *United States v. Palmer*, 609 F.Supp. 544, 547 (E.D. Tenn. 1985) ("By the words of that statute, that writ of execution must be issued from and made returnable to the court which rendered the judgment.") Section 2413 is only one of two methods by which this court has jurisdiction.

Along with the long-arm execution statute in § 2413, the Federal Debt Collection Procedure Act (FDCPA) (28 U.S.C. §§ 3001 *et. seq.*[2]) also contains a long-arm execution statute, § 3004. Section 3004's long-arm provision was intended to replace § 2413 by repealing the latter.[3] For whatever reason, the House of Representatives passed a substantial revision to the Senate bill[4] but omitted a repeal of § 2413, so when Congress finally passed the FDCPA in September 1990, § 2413 remained, and still remains, in force. As such, there are two long-arm execution statutes allowing the government to enforce its judgments nationwide.

The FDCPA provides nationwide procedures for the federal government to enforce judgments in its favor. The FDCPA's long-arm provision, § 3004(b)(1), also allows the United States to enforce its judgments nationwide from any court to any district in the nation. The advantage to the government of a long-arm execution is obvious. It facilitates the expeditious enforcement of money judgments entered on behalf of the United States and eliminates the administrative burden of requiring the United States to domesticate its judgment in the particular state whether either the debtor or his property is located, an approach which any other judgment

---

[2] 28 U.S.C. § 3004(b)(1) ("Except as provided in paragraph (2)--(A) any writ, order, judgment, or other process, including a summons and complaint, filed under this chapter may be served in any State; and (B) such writ, order, or judgment may be enforced by the court issuing the writ, order, or process, regardless of where the person is served with the writ, order, or process.")

[3] *See* 135 Cong. Rec. S14684, 41697 (daily ed. Nov. 3, 1989) (passage of S. 84, Federal Debt Collection Procedure Act) and particularly section 220 of the bill repealing 28 U.S.C. § 2413. *See also* DOJ section by section comments on the draft legislation: "This provision [§ 3004] only applies to writs or orders relating to debts owed to the United States. Title 28 U.S.C. § 2413 is repealed by section 220 of this Act as this remedy is now included under this section [§ 3004] of the Act. Reprinted in *Schueler v. Roman Asphalt Corp.*, 827 F.Supp. 247, 255 (S.D.N.Y. 1993).

[4] 136 Cong. Rec. H8233 (daily ed. Sept. 27, 1990).

creditors must take *via* the federal judgment registration statute (28 U.S.C. § 1963). *Palmer*, 609 F.Supp. at 548.

Thus, with regard to a judgment entered in this district, if the judgment debtor's property is found anywhere in the United States, the United States can obtain process here in the Northern District of Illinois and then attach the debtor's property wherever it may be found. Any attendant issues to the attachment, like garnishment, citations, and turnover orders, would be litigated in the Northern District of Illinois. *See*, *e.g., United States v. Thornton*, 672 F.2d 101 (D.C. Cir. 1982) (affirming the enforcement of a District of Columbia district court judgment executed on property in Maryland); *U. S. ex rel. Marcus v. Lord Elec. Co.*, 43 F. Supp. 12 (W.D. Pa. 1942) (finding that the Pennsylvania court had authority to execute against bank accounts held in New York, even though New York law would not have allowed them to do so.)

## II. Due Process Requirements

Hansong further argues that he has been denied due process by the issuance of the citation through the Northern District of Illinois. However, his only argument relates to the burden possibly incurred by traveling to the Northern District to answer questions regarding a possible transfer. That argument is premature because the United States has deferred requesting his presence and is simply requesting, for now, that he produce relevant documents. Regardless, issuing the citation from the Northern District satisfies due process requirements.

When a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.[5] FDCPA

---

[5] *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671-72 (7th Cir. 1987), *cert. denied*, 485 U.S. 1007 (1988) (RICO). *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.,* 212 F.3d 1031, 1035-36 (7th Cir. 2000) (ERISA)*; United Rope Distributors,*

§ 3004(b)(1)(A) provides for "[n]ationwide enforcement" and states "any . . . complaint, filed under this chapter may be served in any State." 28 U.S.C. § 3004 (b)(1)(A).

Courts have found that § 3004's nationwide service provision allows a district court to assert personal jurisdiction over anyone having minimum contacts with the United States. *Reese Bros., Inc. v. U.S. Postal Service*, 477 F.Supp.2d 31, 37-39 (D.D.C. 2007) ("FDCPA's nationwide service of process provision is not contingent upon minimum contacts with the local district"); *United States v. Sutton*, 2005 WL 281162, *1 (D. Conn. 2005).

Where there is nationwide enforcement, the fairness of suing a given defendant outside her resident district becomes a matter of venue, not jurisdiction. *United Rope Distributors, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir.1991). Venue is proper in the Northern District because this court entered the judgment and this is merely supplementary proceedings to enforce that judgment. It is also reasonable to enforce the citation to discover assets here. *Ashai Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113-14 (1987). At this point, the United States is simply requesting Hansong produce documents in the Northern District of Illinois.

Further, Hansong's due process rights have not been otherwise violated as he has clearly been on notice of the citation to discover assets and he has sought relief in this court. Thus, he has had notice and an opportunity to be heard and makes no complaint that would form an arguable basis for lack of due process.

---

*Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 534 (7th Cir.1991) (admiralty); *Diamond Mortgage Corp. V. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990) (bankruptcy adversary proceedings); and *Fitzsimmons v. Barton*, 589 F.2d 330, 332-34 (7th Cir.1979) (securities laws).

**Conclusion**

For the foregoing reasons, the court should deny Hansong Pu's motion to quash the citation to discover assets.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Scott D. Heffron
    SCOTT D. HEFFRON
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    scott.heffron@usdoj.gov
